UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————

№ 26-CV-2630 (RER) (TAM)

————————————

JIEYING PAN

VERSUS

SCHIAVETTI, CORGAN, DIEDWARDS, WEINBERG & NICHOLSON, LLP;
SUHLAIL C. VILLA, ESQ.; WENDY STYNES, DEPUTY SECRETARY;
DARRELL M. JOSEPH, CLERK OF COURT

————————————

**MEMORANDUM & ORDER**

————————————

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Jieying Pan filed this civil rights action on May 4, 2026, against various defendants, alleging that defendants manipulated public records related to a state court action. (ECF No. 1). The Court grants plaintiff's request to proceed *in forma pauperis*. (ECF No. 2).

After carefully reviewing the record, and for the reasons set forth herein, the Court dismisses the complaint.

## BACKGROUND

Pan alleges that the Clerk of Court for the Supreme Court of the State of New York, Appellate Division, Second Judicial Department; another court clerk; and a private attorney and law firm interfered with the electronic docket in a civil proceeding in state court. (ECF No. 1 at 8–9). She claims that these actions led to her name being "unlawfully removed from the official calendar" on April 13, 2026, and that when she arrived at the courthouse, "[s]he was . . . forcibly ejected by armed officers." (*Id.* at 9). Pan alleges that

defendant Suhlail C. Villa sent an electronic communication on March 25, 2026, "illegally instruct[ing] court staff to remove Plaintiff's core evidence from the [electronic filing] system." (*Id.* at 8–9). Plaintiff claims that the Clerk of Court, defendant Darrell M. Joseph, signed a preclusion order on April 17, 2026. (*Id.* at 9). Thereafter, "a vast volume of critical documents" were marked "Deleted." (*Id.*)

Pan states that an "administrative freeze" was placed on her electronic filing credentials "preventing her from uploading any further evidence or motions." (*Id.*) She asserts that defendant Wendy Stynes, a clerk's office employee, "informed Plaintiff at the window that 'there is no case in the system' and refused to accept documents." (*Id.* at 10). Pan claims that these acts "constitute 'ministerial' or 'administrative' acts performed in the clear absence of all jurisdiction." (*Id.* at 11).

Plaintiff alleges that "the acute stress of witnessing the annihilation of her legal results" led to "severe physical collapse directly correlated to the Defendants' fraudulent actions." (*Id.* at 10). Accordingly, she claims, "[d]efendants are liable for the full extent of the injuries caused by their outrageous conduct." (*Id.*) She seeks $6.5 million in damages and injunctive relief against the state court, including "vacating all state court rulings," "compelling the immediate restoration of all documents," and "reactivat[ing] Plaintiff's electronic filing and speaking rights." (*Id.* at 11–12).

On May 12, 2026, Pan submitted a letter to the Court captioned for this action and two other cases she recently filed in this Court, *Pan v. City of New York, et al.*, No. 25-CV-5895, and *Pan v. Farrell*, No. 26-CV-2710. (ECF No. 4). As it concerns the instant action, the letter requests additional monetary damages to cover past Medicaid

2

treatments. (*Id.* at 2). The letter also objects to the possible consolidation of the three actions. (*Id.* at 1).

**<u>LEGAL STANDARD</u>**

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and represent themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* complaints special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). If the Court finds any possibility that "a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000).

A federal statute, 28 U.S.C. § 1915(e)(2), allows poor plaintiffs to file lawsuits without paying the usual filing fee. This statute requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. There are two types of federal subject-matter jurisdiction. One type is called federal question jurisdiction, and the

complaint must have a claim based on federal law. *See* 28 U.S.C. § 1331. The other type of federal subject-matter jurisdiction is diversity jurisdiction, in which the plaintiff must show that plaintiff and defendants have complete diversity of citizenship, which means that all the defendants must live in a different state than the plaintiff. Also, the claim for money damages, which is called the amount in controversy, must be for greater than $75,000. *See* 28 U.S.C. § 1332. The Federal Rules of Civil Procedure require that if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

## **DISCUSSION**

Pan alleges that defendants violated her constitutional rights. However, to bring claims for deprivations of constitutional rights under 42 U.S.C. § 1983, the plaintiff must show that the conduct was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted). A plaintiff seeking to recover money damages must also establish that each named defendant was personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

4

Defendants Suhlail and Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP appear to be a private lawyer and law firm appearing in a civil action in which Pan is a party. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt*, No. 11-CV-5430 (KAM), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases); *see Polk County v. Dodson*, 454 U.S. 312, 319 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Pan has not alleged that the attorneys were acting under color of state law. Accordingly, Pan's claims against defendants Suhlail and Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Judges and their supporting personnel have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988). Absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (holding that a clerk's scheduling duties, as part of "[a] court's inherent power to control its docket" is subject to absolute immunity). "[W]here a court clerk performs 'ministerial, non-judicial duties,' or 'purely administrative tasks,' only qualified, good faith immunity attaches"; where the clerk's acts "implement judicial decisions," "are performed at the direction or under the supervision of a judicial officer," or are "performed pursuant to the established practice of the court," the clerk is protected by absolute judicial immunity. *McKnight v.*

5

*Middleton*, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010), *aff'd,* 434 F. App'x 32 (2d Cir. 2011). The "court's inherent power to control its docket is part of its function of resolving disputes between parties" and is thus "a function for which judges and their supporting staff are afforded absolute immunity." *Rodriguez*, 116 F.3d at 66.

The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11–12.

The Federal Courts Improvement Act of 1996 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (explaining that the Federal Courts Improvement Act extended quasi-judicial immunity to actions for injunctive relief).

Here, Pan claims that the court clerks took actions to manage the docket in a civil case by removing documents and restricting Pan's access to electronic filing after she filed a "vast volume" of documents. "Managing docketing and filing activity are plainly 'judicial in nature and an integral part of the judicial process.'" *Chambers v. Stynes*, No. 25-CV-02524 (NCM) (CHK), 2025 WL 2917109, at *3 (E.D.N.Y. Oct. 14, 2025); *see also Bey v. New York*, No. 11-CV-3296 (JS) (WDW), 2012 WL 4370272, at *7 (E.D.N.Y. Sept.

6

21, 2012) (finding that absolute quasi-judicial immunity shielded court clerks who refused to file plaintiff's filings and provide a copy of the entire file); *Pikulin v. Gonzalez,* No. 07-CV-0412 (CBA), 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (finding that absolute judicial immunity extends to "the Clerk's Office activities of filing and docketing legal documents").

Further, Pan has not alleged that a declaratory decree was violated or that declaratory relief was unavailable in state court, and thus absolute quasi-judicial immunity extends to her claims for injunctive relief as well as her claim for damages against the judicial officers. Accordingly, Plaintiff's claims against defendants Joseph and Styne are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## **CONCLUSION**

For the reasons set forth above, the Court grants plaintiff's motion for leave to file *in forma pauperis*, and dismisses plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Because plaintiff is representing herself and is entitled to special consideration, the Court has considered whether to grant leave to amend the complaint and finds that amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismiss *pro se* complaint without leave to amend where amendment would be futile); *Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

7

The Clerk of Court is respectfully directed to enter judgment and to mail a copy of this Order and the Judgment to plaintiff at the address she provided and to note the mailing on the docket. The Clerk of Court is further directed to deny ECF No. 8 as moot.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 22, 2026
        Brooklyn, New York