UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
Jieying Pan,

|  |  |
|---|---|
| Plaintiff, | **MEMORANDUM & ORDER** |
|  | 26-cv-2630 (RER) (TAM) |
| -against- |  |

Schiavetti, Corgan, Diedwards, Weinberg &
Nicholson, LLP; Suhlail C. Villa, Esq.;
Wendy Stynes, Deputy Secretary;
Darrell M. Joseph, Clerk of Court,


                                        Defendants.
----------------------------------------------------------X

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Jieying Pan filed this civil rights action on May 4, 2026, against various defendants, alleging that defendants manipulated public records related to a state court action. (ECF No. 1). On May 21, 2026, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). (ECF No. 9). Pan then filed four motions, including an "emergency motion to vacate judgments," and an "emergency motion for Relief from Judgment Pursuant to FED.R.CIV.P.59(e) and 60(b)."[1] (ECF Nos. 11–15).

For the reasons set forth below, the Court denies Pan's motions for reconsideration.

*       *       *

Rule 59 of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a court's judgment within 28 days after entry of judgment. Fed. R. Civ.

---

[1] Pan's motion for leave to file *in forma pauperis* is denied as moot because this Court granted Pan's previous motion in its May 21, 2026, order. (ECF Nos. 2, 9, 12).

P. 59(e). Rule 60 allows courts to correct clerical mistakes and to relieve a party from a final judgment based on several specified circumstances, including fraud, misrepresentation, or misconduct by an opposing party or "any other reason that justifies relief." Fed. R. Civ. P. 60(a) and (b). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 247 (2d Cir. 1995). Moreover, such a motion will not be granted absent the demonstration of "extraordinary" or "exceptional" circumstances." *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Pan argues that absolute immunity is "inapplicable where there is a complete absence of all jurisdiction," and that the Court's dismissal was both "legally premature, as [it] relie[d] on incomplete facts," and "legally erroneous because it was predicated on an artificially manipulated docket." (ECF Nos. 12 at 1–2; 14 at 1). Pan further repeats the allegations from her complaint.[2] (ECF No. 11 at 1–2).

The Court denies Pan's motions for the reasons stated in the May 21, 2026, order—the private attorney and law firm were not acting under color of law and the judicial

---

[2] Pan further claims that jurisdictional discovery is necessary to confirm defendants' domicile because "the Court dismissed the action for lack of diversity jurisdiction." (ECF No. 12 at 1). However, the Court did not dismiss Pan's complaint for lack of diversity jurisdiction. (*See generally* ECF No. 9).

2

employees are immune from suit. (ECF No. 9 at 4–7). Further, Pan has not cited any controlling decisions or data that the court overlooked or presented any clear error or new evidence in support of her claims. There are no exceptional circumstances that would alter the Court's conclusion or justify relief from the judgment in this case. Accordingly, the Court denies Pan's motions pursuant to Rules 59(e) and 60.

*    *    *

For the foregoing reasons stated above, Pan's motions pursuant to Rule 59(e) and 60 are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to deny Dkt. Nos. 11, 14, and 15 and mail a copy of this order to plaintiff.

SO ORDERED.


_____/s/ Ramón E. Reyes, Jr._____

RAMÓN E. REYES, JR.
United States District Judge

Dated: June 12, 2026
    Brooklyn, New York